# 14 CV 7197

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____ x

DEVENDRA SINGH                       :
Plaintiff,                           :          **Complaint/Bivens Action**
               v.                    :
                                     :          **Injunctive/Equitable**
                                     :          **Relief Demanded**
                                     :
ATTORNEY GENERAL, **ERIC H. HOLDER**, :
OAG, DEPARTMENT OF HOMELAND SECURITY, :         Civil Action No.____
SECRETARY OF DHS/ICE, **JEH JOHNSON** :
**ELEANOR RIVKIN**,                  :
ASST. DISTRICT ATTORNEY QUEENS COUNTY, :
DETECTIVE **DANTE CAVALLO**,         :
NEW YORK CITY POLICE DEPT.           :
**BRIAN FISCHER**, DEPARTMENT OF     :
CORRECTIONS AND COMMUNITY            :
SUPERVISION.                         :
Defendants.                          :
_____ x

Comes now, Devendra Singh, plaintiff *Pro Se* in the above entitled cause, depose and

says:

1.      This action arises under and is brought pursuant to 28 U.S.C. § 1331(a)  to remedy

the deprivation, under color of state law, of rights guaranteed by the Eighth and Fourteenth

Amendments to the United States Constitution.  This Court has jurisdiction to entertain this

complaint under the Civil Rights Act of 1871, 28 U.S.C. § 1331(a) (*Bivens* action)., and 1343

(3) and (4).

2.      I beg this Court to apply the Law where it applies to my affidavit for I am a layman of

the Law and know not the Nature of Suit in which these violations apply. The United States Supreme Court has held that a Pro-Se litigant's pleadings must be considered as true. Cooper v. Pate, 378 U.S. 546, [1946] (Per Curiam); and Pro-Se pleadings must not be held to standards as rigorous as formal proceedings prepared by an attorney. Hanes v. Kerner, 404 U.S. 519, 520-521 (1971) (Per Curiam); Francos v. La Vallee, 535 F.2d 1346,1347 (2nd Cir.1976, cert denied 429 U.S. 918 (1976); Boag v. McDougall, 454 U.S. 364 (1982). In Conley v. Gibbons, 355 U.S. 41, 45-46 (1957), the United States Supreme Court held that Pro-Se pleadings should not be dismissed for failure to state a claim, unless it appears beyond doubt that the litigant has set forth no facts in support of his claim which would entitle him to relief. Williams v. Taylor, 120 S.Ct 1495, 1517 (2000)

3.      While acting under the colors and authority of the United States of America, the four defendants, ERIC H. HOLDER, and JEH JOHNSON employees of the Department of Homeland Security; Eleanor Rivkin Asst. District Attorney of Queens County; and Dante Cavallo, Detective of the New York City Police Dept (N.Y.P.D.), Brian Fischer, Commisioner of the Department of Corrections and COmmunity Supervision did violate plaintiff's constitutional rights, the facts are as follows.

**FACTS**

4.      Plaintiff DEVENDRA SINGH is detained at the Buffalo Federal Detention Facility which is an Immigration Detention Facility, located at 4250 Federal Drive, Batavia, N.Y. 14020 in the county of GENESEE in the State of New York from June 13, 2014 to present.

5.      Plaintiff Devendra Singh is, and was at all times mentioned herein, an adult and Legal Permanent Resident of the United States and resident of the State of New York.

6.      Eric H. Holder is the United States Attorney General therefore the overseer of Homeland Security and successor of Attorney General whom was present at time of my violation and is/was acting under color of authority of the laws of the United States.

7.      Jeh Johnson is successor and current Secretary of Department of Homeland Security/Immigration and Customs Enforcement, therefore , responsible for the actions past and present of said office and is/was acting under color of authority of the laws of the United States.

8.      Eleanor Rivkin is the Assistant District Attorney assigned to my case (1134/04) in which I was deprived my Due Process Right to a Visa preventing deportation and is/was acting under color of authority of the laws of the United States.

9.      Dante Cavallo was the arresting officer/handler of Plaintiff who also denied Plaintiff his Due Process Right to protection from Deportation and is/was acting under color of authority of the laws of the United States.

10.     Brian Fischer was the Commisioner of the Department of Corrections and Community Supervision (Parole), who released Plaintiff to the Custody of Department of Homeland Security/Immigration and Customs Enforcement despite Petitioner not completing his, promised, sentenced term of Post Release Supervision which was part of Plaintiff's agreed upon sentence for under New York State Department of Corrections Inmate Identification number *08A3976*, therefore violating his Due Process Rights, and is acting under color of authority  of the Laws of the United States.

11.

Plaintiff's claim for injunctive relief are authorized by Rule 65 of the Federal Rules of Civil Procedure.

12.    This cause of action arose in the SOUTHERN District at the Immigration Court located at 201 Varick Street, New York, N.Y. Therefore, venue is proper under 28 U.S.C. Section 1391(b).

13.    Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to these Immigration consequences.

14.    Plaintiff entered the United States of America with his mother at the age of one as a baby and an legal Permanent Resident. (See Exhibit A *Alien Registration*)

15.    Plaintiff could not have known nor agreed to any stipulations, rules, guidelines, or contract upon entering the United States of America for he was only one and under the care of his mother.(Exhibit A *Alien Registration Form* and Exhibit B *Affidavit of Mainwatty Autar*)

16.    Through the Course of Plaintiff's life, here in the U.S., he has never left the Country and has been  raised here in the United States of America practically his whole life, minus one year.

17.    Plaintiff has never been interviewed nor has ever had any dealings with the Department of Homeland Securities Immigration Services until 2000.

18.    Plaintiff grew up in an abusive home, where he faced physical and sexual abuse, leading to rebellion which consequently lead to a criminal life. (See Exhibit C *Affidavit of Devendra Singh*)

19.    Plaintiff was arrested, and charged with  Penal Law 215.15 on February 24, 1999.

4

20.     Plaintiff plead not guilty and went to trial on said charge and was found guilty on September 11, 2000 of Intimidating a victim or witness, in the third degree, who was a friend of his. (See Exhibit D *Affidavit of Doroteo Pratt*)

21.     On September 25, 2000, Plaintiff was sentenced to a term of two to four years of imprisonment, and exhausted all his appellate remedy's to no avail.

22.     Plaintiff was never advised by the Court, Counsel, his Mother, Department of Homeland Security, nor was it stipulated on his Legal Permanent Resident Card or Alien Registration that he would be excludable from the United States for any reason(s), in which he could have avoided. (See  Exhibit B *Affidavit of Mainwatty Autar*)

23.     On or about or during the course of Plaintiff's sentence he was interviewed by the Immigration and Naturalization Services (now known as ICE) and charged with violating conditions of residency, which conditions, he knew nothing about. Defendants or their predecessors never advised Plaintiff or his guardian of any conditions, that if violated, would make Plaintiff excludable from this Country, upon entering the United States, and upon purchase of the residency application. (See Exhibit C *Copy of Affidavit of Plaintiff to BIA* and Exhibit E *INS charges, order of Deportation and BIA appeal denial*)

24.     Upon completion of Plaintiff's sentence he was detained by Immigration and Customs Enforcement (Hereinafter ICE) and taken to the State of Pennsylvania and detained in an Immigration contracted facility, furthering his incarceration from what he plead to.

25.     Thereafter Plaintiff was issued a bond  which was  paid, and was released.

26.    On September 16, 2003 Plaintiff was ordered deported by an Immigration Judge at 201 Varick St., New York, N.Y.

27.    Plaintiff's appeal was dismissed by the Board of Immigration Appeals on February 9, 2004.(Exhibit E)

28.    Plaintiff was arrested by Detective Dante Cavallo of the N.Y.P.D. thereafter and went into an cooperation agreement with the N.Y.P.D.  and Eleanor Rivkin of the Queens District attorney's office in which he became an confidential informant. (See Exhibit F *Cooperation Agreement*)

29.    Defendant's Eleanor Rivkin and Dante Cavallo arranged with Homeland security to defer Plaintiff's removal while he worked as an informant.

30.    During the term of Plaintiff's cooperation agreement he was shot at several times, and exposed (See Exhibit J *letter from Compton Mohabir*), however, still  forced to be an informant, the contract was never terminated. (See Exhibit G *Motion of Mr. Connolly*).

31.    Plaintiff continued to  fully cooperate with the N.Y.P.D. and assisted in taking over 80 firearms off the streets including dealers. Most of which were of Guyanese descent, some of which fled back to the Country of Guyana. (See Exhibit G and Exhibit H)

32.    Plaintiff soon after, while investigating, as part of his cooperation agreement was arrested for a matter, in which he is currently appealing, and convicted of Possession of a Firearm, subsequently violating the terms of his agreement.

33.    On October 17, 2008 Plaintiff was sentenced to a term of Ten years imprisonment and 5 years Post release Supervision for case number 3207/2005 (the Re arrest) and

sentenced to another term of Ten years and 5 years post release supervision on  case number 1134/04 (the  cooperation agreement) on April 26, 2012, both in which he was promised a period of Post release supervision as part of his rehabilitative sentence.

34.     Plaintiff, while incarcerated, received in prison, and to his home numerous threatening letters from Guyana which referenced the Indictment Number of the case in which he cooperated.(See Exhibit H *Threatening Letters from Guyana*)

35.     Plaintiff completed Ten year term of his sentence and was to be Paroled to complete the remainder of the promised sentence, however, was picked up and detained by ,on June 13, 2014,  by, the defendant Immigration and Customs Enforcement (ICE) due to the previous Final Order of Deportation.

36.     Plaintiff being in cooperation with the N.Y.P.D. and facilitating arrest(s) of Gun dealers should have been given an S-Visa, U-Visa, or Deferred action for his assistance, in which many arrests were made. (See Exhibit K *Testimony of His Handler Dante Cavallo*) .

37.     Defendant, Brian Fischer, representing the Department of Corrections and Community Supervision (Parole) violated Plaintiff's rights when he disregarded his sentence and release him to the Department of Homeland Security.

38.     Defendants representing the Immigration and Customs Enforcement  put  Plaintiff in grave danger and are violating Plaintiff's Due Process Rights  by holding him accountable for something he never agreed too, namely deportation consequences, which was not stipulated on his Legal Permanent Resident card nor any paperwork signed by him agreeing to any conditions nor was he ever given Notice of any changes upon turning into

an adult. It is factual that we avoid things that are likely to hurt us after experiencing or being told that it may do so. (See Exhibit B Affidavit of *Mainwatty Autar*)

39.     To remove Plaintiff from this Country to a Country he has no ties too and has, literally, never been too would not only be Cruel and Unusual Punishment, but a threat to his Natural Habitat. Furthermore, it would be a great hardship on his ten year old son who is in the care of Plaintiff's sickly mother, due to the child's mother being deceased. (See Exhibit I *Letter and Birth Certificate of Deven Singh and Letter from Social Worker*)

40.     Plaintiff also faces possible death or torture if removed to the Country of Guyana due to his cooperation against several Guyanese. (See Exhibit H)

41.     On May 12, 2014, my attorney's Bretz and Coven LLP, filed a motion for CAT (Convention Against Torture) on my behalf which is now pending. Said motion was filed due to me being a confidential informant for the N.Y.P.D. after I was ordered deported and many arrest were made on account of me and quite a few others that were illegal in this Country fled to Guyana and are now threatening my life from over there. I was never provided a Visa though I cooperated with the N.Y.P.D. (See Exhibit H and C)

42.     The proceedings Plaintiff were put through by the Department of Homeland Security resulting in a final order of deportation were not fair to Plaintiff for he had no knowledge, nor was given any notice whatsoever that he cold be excludable from the United States for any reason until he was detained by Immigration Officials.

43.     By bringing unauthorized proceedings against plaintiff, Devendra Singh, without notice or warning as required by law, defendants violated the rights and privileges of the

plaintiff under contract law, and Due Process under the United States Constitution, and protection from Cruel and Unusual Punishment.

44.     By bringing unknown proceedings against the plaintiff the Department of Homeland Security/Immigration and Customs Enforcement, when Plaintiff was never given notice and unaware that criminal acts or convictions would deem him excludable from the United States or any such consequences, defendants, in excess of their discretionary powers, violated the rights and privileges of the plaintiff under law and the United States Constitution by subjecting Plaintiff to removal proceedings.

45.     Plaintiff has been a Legal Permanent Resident of the United States since the age of one and has never departed the Country. Neither Plaintiff nor his mother was advised or made aware that there were any conditions upon entering the United States and during his 34 years here in the U.S. which is unfair and partial to charge appellant with removal for any reason unknown to him without Due Process in advance. (See Exhibit A, B, and C)

46.     The only allowable way for Plaintiff to had worked for the Queens District attorney and N.Y.P.D. would have to be under some type of agreement with the Department of Homeland Security for he had already had an Order of Deportation. Which would in it self make Plaintiff eligible for a Visa that would protect him from deportation.

47.     The Queens District Attorney and N.Y.P.D. violated Plaintiff when they signed Devendra Singh into an Confidential Informant agreement and failed to provide him with a Visa which would make him non-excludable from the United States due to his Cooperation which resulted in numerous arrests, on Plaintiff's behalf, and was in cahoots with the

Department of Homeland Security and/or it's agency's when Plaintiff was not removed from the Country and allowed to work as a an informant when given an final order, therefore proving that he should have been given a visa to prevent deportation. Thus violating Plaintiff's Due Process Rights.

48.     Defendant's representing the Department of Justice and Homeland Security have violated Plaintiff's Constitutional Right against Double Jeopardy by placing Plaintiff in removable proceedings after he served his debt to society, namely, completing his Sentence to the Crimes committed.

49.     Defendant's representing the Department of Homeland Security/ICE have violated Plaintiff's Due Process Rights by not, ever, advising/or giving notice to Plaintiff of any consequences he would face as a result of any conduct through his tenure of being a Permanent Resident.

50.     If Defendant is removed Plaintiff from the United States it would be Cruel and Unusual Punishment, Double Jeopardy, and  a violation of terms that appellant never acknowledged or was made privy too, for, Plaintiff has already served his sentence for his crimes and was never given notice that he would ever be deportable until after committing a crime that deemed him deportable.

51.     Congress enacts these laws however, it is the responsibility of Defendants, employees of Department of Homeland Security, to give notice to anyone subject to and or in contract with said laws so that they could be fairly aware of any consequences they may be subjected to.

52.    The above mentioned acts were unlawful and Plaintiff begs this Honorable Court to move the Department of Corrections and Community Supervision to null his period of Post Release Supervision in the event that he is released from the custody of the Department of Homeland Security. Defendant should not be allowed to waive Plaintiff's right to finish his promised sentence, only to reinstate it upon his release, it should be either or.

53.    The Above mentioned acts were unlawful and Plaintiff begs this Honorable Court to make Plaintiff entitled to deferred action from Deportation and an adjustment of status, and any and all such other relief this Court deems just and proper. Also to provide Plaintiff with an Visa due to his cooperation so that he may be eligible for deferred action.

Dated: August 28, 2014
         Genesee County


Respectfully Submitted,

Devendra Singh- Pro se



            Sworn and Subscribed to before me on this 28 day of September 2014
            I declare under penalty of perjury that the foregoing is true and correct.


                         NOTARY PUBLIC
            Sworn to before me on the 28 day of Aug, 20 14
                    MICHAEL A. FINNIGAN
                 Notary Public · State of New York
                        No. 01Fi6211416
                     Qualified in Monroe County
               My Commission Expires September 21, 20 17
            NOTARY PUBLIC

## EXHIBIT INDEX

A.    Copy of Plaitiff's Alien Registration Form...

B.    Two Affidavit's by Mother of Plaintiff...

C.    Affidavit of Plaintiff...

D.    Affidavit of Doroteo Pratt. (Victim of assualt in which Deportable conviction arose from...

E.    Immigration charges, order, and appeal denial...

F.    Cooperation Agreement...

G.    Letter to Courts from Defense Counsel Michael J. Connolly...

H.    Threatening letters from Guyana...

I.    Birth Certificate of and Letter from Plaintiff's son Deven Singh and his Social Worker ...

J.    Letter from Compton Mohabir, whom was arrested as a result of Cooperation.

K.    Pretrial Testimony of Pliantiff's Handler, Dante Cavallo...

L.    Letters of Support from Community and Family...

- Pandit Krishna Indarjit, The Sri Durga Mandir
- Dr. Sase Persaud, M.D.
- Omelyah Budhram, Cousin
- Pandit Chunelall Narine, United Nations Ambassador of Peace

Exhibit A

OPTIONAL FORM 155 (REV 1-77)
(formerly FS-511)
DEPT OF STATE

**IMMIGRANT VISA AND ALIEN REGISTRATION**

IV 6475518

| THE IMMIGRANT |
|---|
| ☐ HAS  ☒ HAS NOT BEEN PREVIOUSLY IN THE UNITED STATES |

| OF: | (Family Name) SINGH | (First Name) DEVENDRA | (Middle Name) | I & NS FILE NUMBER, IF KNOWN |

| ACTION BY IMMIGRANT INSPECTOR | THE IMMIGRANT NAMED ABOVE ARRIVED IN THE UNITED STATES, VIA | SEC. 212(a) LABOR CERTIFICATION |
|---|---|---|
| U.S. IMMIGRANT SEP 28 1980 | PA-128  9/28/80 | ☒ NOT APPLICABLE |

(Name of vessel or flight no. of arrival)

INELIGIBILITY FOR VISA WAIVED UNDER SECTION

☐ 212(e)   ☐ 212(h)   ☒ ATTACHED

☐ 212(i)   ☐ NOT REQUIRED

| DATE OF BIRTH 02-16-70 | PLACE OF BIRTH Guyana | OCCUPATION none | NATIONALITY Guyana | MARITAL STATUS ☐ M ☒ S ☐ W ☐ D ☐ SEP. | SEX ☐ M ☐ F | NATIONALITY Guyanese |

| FINAL ADDRESS IN THE UNITED STATES | 31-15 94 Street, Apt. 1R. | CITY, STATE, AND ZIP CODE, IF AVAILABLE Jackson Heights, New York 11372 |

| | ACTION ON APPEAL | U.S.E.H.S. 314 |

Visa is issued under Section 221 of the Immigration and Nationality Act, and upon the basis of the facts stated in the application. Possession of a visa does not entitle the bearer to enter the United States if at the time he seeks to enter he is found to be inadmissible. Upon arrival in the United States, it must be surrendered to a United States Immigration Officer.

AMERICAN Embassy

AT Georgetown, Guyana

Sally M. Gober
Vice Consul of the United States of America

**IMMIGRANT CLASSIFICATION**

CLASSIFICATION SYMBOL
P2-3.

FOREIGN, STATE/OTHER AREA LIMITATION
Western Hemp.

IMMIGRANT VISA NO.
12,395

| ISSUED ON | (Day) 18 | (Month) September | (Year) 1980 |

THE VALIDITY OF THIS VISA EXPIRES MIDNIGHT AT THE END OF

| (Day) 17 | (Month) January | (Year) 1981 |

**PASSPORT**

NO. 257737

OR OTHER TRAVEL DOCUMENTS (Describe)

ISSUED TO  Mas. D. Singh

BY  Chief Passport Officer Rep/of Guyana

ON  02.13.80

EXPIRES  02.13.85

IV  6475518

PHOTOGRAPH ATTACHED
FOREIGN SERVICE
UNITED STATES OF AMERICA

Tariff Item No.
Fee Paid $20
Local Cy. Equiv.

-19-

Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

———————————————————————x

DEVENDRA SINGH             :
036-475-518                :
**Plaintiff,**           :

                      : **AFFIDAVIT**

        v.          :

                      : **Civil Action No.____**

ATTORNEY GENERAL, ERIC H. HOLDER,   :
OAG, DEPARTMENT OF HOMELAND SECURITY, :
SECRETARY OF DHS/ICE, JEH JOHNSON   :
ELEANOR RIVKIN,              :
ASST. DISTRICT ATTORNEY QUEENS COUNTY, :
DETECTIVE DANTE CAVALLO,      :
NEW YORK CITY POLICE DEPT.       :
**Defendants.**            :

———————————————————————x

## AFFIDAVIT OF MAINWATTY AUTAR

      I, Mainwatty Autar being duly sworn, according to the law depose and say

1.     I am the Mother of the above captioned Plaintiff.

2.     I brought my son to the United States of America at the age of one after divorcing my abusive husband in the Country of Guyana.

3.     I reunited with my husband after being convinced, by him, that he would change his ways here in the United States.

4.     Unfortunately, my husband did not change his ways and I as well as my two children suffered abuse at his hands for many years too come.

5.     While applying to enter the United States, when entering, and since being here in America I was never advised nor given any stipulations, warnings or any conditions that

would deem me or my children removable from the United States or that would separate my family if violated.

6.      I was not allowed to become a Citizen before my son, the above Plaintiff, was at the derivative age due to restrictions and abuse from my husband, his father.

7.      I went on to become a Citizen after he was eighteen.

8.      My other son Surinder Singh also became a Citizen.

9.      Devendra was severely abused as a child mentally, physically, and sexually which led him to the streets.

10.     On September 15, 2003, Devendra's son, Deven Christopher Singh was born.

11.     On May 22, 2005 Kristy Morales, the child's mother, passed away.

12.     On November of 2005 my son was arrested and eventually convicted of crimes.

13.     On June 13, 2014 Devendra was detained by ICE upon his release.

14.     Devendra is currently appealing his Order of Removal with the Board of Immigration Appeals.

15.     If Devendra is removed I, as well as his son will face a great hardship.

16.     I am currently suffering from Diabetes, Glaucoma, and extreme physical pain in the back and knees. It is and will be only a matter of time that I will be as mobile as I am.

17.     I as well as my son has never been informed of any conditions upon entering this country and during our tenure here.

18.     It would be an great injustice to remove my son from the United States being that he was never given forewarning where he could have at least chosen a better way than to be

begging for his life now. The contract that (application and Green card) I signed upon entering never forewarned that this would be possible

19.     I have no relatives in Guyana and have received threatening letters concerning my son from the Country of Guyana

20.     If the Order of Deportation is not deferred he will be killed upon returning to the Country, and my U.S. Citizen Grandson will be without a mother or father and will face a hardship.

21.     I watch television and see where DHS/ICE hunt's down and Detains people who are removable. Which is baffling because at no time did they ever hunt me or my children down to notify them of any changes or consequences of violating any rules that would make us removable or that would be detrimental to us/them.

All of the information I have submitted in support of my request is true and correct.

_Mainwatty Autar_

Mainwatty Autar

Sworn to before me this

13TH day of AUG, 20 14

_Mohammed Nuruddin_

NOTARY PUBLIC   MOHAMMED NURUDDIN
                Notary Public, State of New York
                No. 01NU6064272
                Qualified in Queens County
                Commission Expires September 24, 2017

RE:   SINGH, Devendra
File No. A036-475-518

## <u>AFFIDAVIT OF MAINWATTY AUTAR</u>

STATE OF NEW YORK   )
                    : SS.:
COUNTY OF NEW YORK)

I, Mainwatty Autar, being duly sworn, depose and say:

1.      My name is Mainwatty Autar and I reside at 103-44 Springfield Blvd.
Queens Village, NY 11429.  I currently live at this address with my U.S. Citizen son,
U.S. Citizen grandson, and husband.

2.      I have prepared this affidavit with the assistance of my attorneys, Bretz & Coven,
LLP in support of my son, Devendra Singh's, Motion to Reopen. I am willing to testify
about the contents of this affidavit in any administrative or judicial proceeding.

3.      I became a Citizen of the United States in 2000. My son, Devendra has been a
Lawful Permanent since the age of one (1980).  We are originally from Guyana. I was
abused by my previous spouse back home and I decided to immigrate to the United States
because my mother petitioned for me and I wanted to end the abuse. Unfortunately, my
previous spouse followed me to the United States and convinced me to reunite in 1981.  I
always hoped he would change but he never did and continued abusing me and my sons
physically, sexually and verbally.  My sons were begging me to leave him to end the
abuse.  I eventually separated from him in 1998.  He begged me to reunite with him, but I
never did. He was murdered in his house in 2000.

4.      The abuse we all suffered affected my children in a big way.  For example, my
son Devendra began spending a lot of time on street in order to escape the abuse at the
house.  He started not coming home and started staying with his friends in their houses.
Even though he was getting into trouble I was always there for him. My elder son is also
currently mentally ill because of the abuse.

5.      As the years went by my son had a child of his own with a girlfriend who passed
way.  My grandson was only 2 years old when I got custody of him. Since then he has
been asking for his father.  I always take him to visit his father in jail and my son cries
every time he sees him. My grandson is ten years old now.

6.      My grandson already lost his mother when he was 20 months old and he cannot
afford to lose his father as well. He always cries and is afraid that his father will be
deported. He even has issues at school.  The children make fun of him that he does not
have a mother and a father right now.  He has nightmares at night time and wakes up
jumping and talking in his sleep being afraid that his father will never be with him and he

091

always calls me to stay in his room with him. I had to tell him about his father's removal because he heard me when I was talking to my friend on the phone. He was devastated and disappointed hearing that. He said he wished his mother was alive and his father was there with them as a perfect family. He even wrote a letter to Governor Cuomo begging him to help his father stay in this country because he does not want to go back to Guyana, because of mass killings in Guyana. He knows he does not have anyone in Guyana and his family is in the United States (Attached please see my Grandson's Letter).

7.      I am sixty-one years old and I spent years in abuse and supporting my son in jail and his ten-year-old son at home. I have been taking care of my elder son who is mentally ill and is not capable of work. We will have severe emotional and medical hardship if he was removed from the United States. I have glaucoma, arthritis and diabetes and I will not be able to work and provide for my grandson and my elder son in the future because of my age and medical issues. Financial and medical and emotional hardship is beyond description for me and my grandson. My grandson needs a father, because he already lost his mother at young age. My elder son who is mentally ill is worried about his brother's situation and does not want him to be removed, because we do not have anyone in Guyana and he will be in the streets in Guyana and is afraid for his brother's life. I will have a job secured for my son once he is out of jail. I saw a Doctor and he said he will hire him once he is out. My son is very smart and he helped his attorneys in researching and he has a parenthood counseling certificate and a few other ones. He said he wants to work in counseling and wants to advise other people who have gone through what he went through.

8.      In 2013, my son Devendra started receiving threatening phone calls and letters from Guyana because of his cooperation with the federal government in the United States. A male individual called and stated that he is coming to kill me and my children and my husband. The letters stated that Devendra is coming home soon and to prepare a suit for him because he will die for being a snitch. The letters did not contain name or an address. I took the letter to the 105 precinct in Queens, but the Police stated that they could not help with the letter because it arrived from Guyana. I also reported the threatening phone call. I called 911 after the threatening phone call and they wrote the statement and asked if there was a caller ID and I stated that it came from blocked ID (Attached please see the threatening letters).

9.      For the reasons, my son and I believe he will be killed or tortured if he returns to the Guyana. Accordingly, I respectfully request and beg you to protect my son Devendra Singh's life and forgive him. He is a changed person who deserves another chance.

DISHA CHANDIRAMANI
NOTARY PUBLIC-STATE OF NEW YORK
No. 02CH6287032
Qualified in New York County
My Commission Expires August 06, 2017
Notary Public

Mainwatty Autar
Mainwatty Autar

Notary Public

092

Exhibit C