UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEVENDRA SINGH,

    Plaintiff,

v.

ERIC HOLDER, Jr., et al.

    Defendants.

Civ. No. 15-0779 (KM)

**MEMORANDUM AND ORDER**

Plaintiff, Devendra Singh, an immigration detainee, is currently held at the Hudson County Correctional Facility in Kearney, New Jersey. Mr. Singh is proceeding *pro se* with a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Buruau of Narcotics*, 403 U.S. 388 (1971). Mr. Singh initially filed this action in the United States District Court for the Southern District of New York where it was given Civil Action No. 14-7197. The complaint named the following defendants: (1) Eric Holder, Jr. – Attorney General; (2) OAG - Department of Homeland Security, (3) Jeh Johnson - Secretary of DHS/ICE; (4) Eleanor Rivkin – Assistant District Attorney Queens County; (5) Dante Cavallo – Detective, New York City Police Department; and (6) Brian Fischer – Department of Corrections and Community Supervision.

Mr. Singh filed an application to proceed *in forma pauperis*. On October 14, 2014, the Southern District of New York granted the application to proceed *in forma pauperis* and ordered that the case proceed. (*See* Dkt. No. 6.) I construe that Order as the "screening" of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), an impression confirmed by the Southern District's subsequent order that the United States Marshals serve the complaint. (*See* Dkt. No. 10.) On January 30, 2015, the Southern District of New York granted defendants' request to set their deadline to respond to the complaint as March 13, 2015. (*See* Dkt. No. 19.)

In November, 2014, as Mr. Singh's civil rights complaint was progressing, he also filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of New York. That Court assigned the habeas case Civil Action No. 14-8978 (S.D.N.Y.). In December 2014, Mr. Singh paid the required $5.00 filing fee.

On February 3, 2015, the Southern District of New York filed a Transfer Order in both the *Bivens* action and the habeas action. (*See* Dkt. No. 20.) The Transfer Order stated as follows:

> On November 7, 2014, plaintiff/petitioner Devendra Singh filed a *pro se habeas* petition. (14-cv-8978 Doc. 1.) This Court construes this application as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 challenging Mr. Singh's detention by the Department of Homeland Security. [FN 1] For the following reasons, this petition, 14-cv-8978, as well as the related case, 14-cv-7197, [FN 2], is transferred to the United States District Court for the District of New Jersey.
>
>> [FN 1] Although Mr. Singh's petition was unlabeled, this Court construes it as a petition pursuant to 28 U.S.C. § 2241 seeking to challenge his detention. If Mr. Singh does not wish his application to be construed as a petition for a writ of *habeas corpus* under § 2241, he must notify in writing (for reasons explained in this order) the United States District Court for the District of New Jersey within 30 days of this order. Any collateral challenge to Mr. Singh's Queens County conviction in federal court must be brought in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of New York after exhaustion of Mr. Singh's state court remedies.
>>
>> [FN 2] This Court accepted 14-cv-8978 as related to the earlier filed case, 14-cv-7197. Both cases arise under the same underlying set of circumstances and both cases challenge Mr. Singh's ongoing incarceration and aspects of his criminal conviction in New York Supreme Court, Queens County.
>
> The proper venue for a *habeas corpus* petition brought under § 2241 is the district of confinement. *Rumsfeld v. Padilla*, 542 U.S.

> 426, 442-43 (2004). Mr. Singh is currently detained at the Hudson County Correctional Center in Kearny, New Jersey, which is located in the judicial district of the United States District Court for the District of New Jersey. As Mr. Singh is not confined in this district, his petition should be transferred to the district of confinement – namely, the District of New Jersey. *See* 28 U.S.C. § 1406(a).
>
> The Clerk of the Court is respectfully directed to transfer these actions to the United States District Court for the District of New Jersey.

(Dkt. No. 20.)

In the District of New Jersey, the transferred *Bivens* action was given Civil Action Number 15-0779, and the Section 2241 habeas petition was given Civil Action Number 15-0778.

On February 20, 2015, the Assistant United States Attorney filed a letter in No. 15-0778 requesting guidance from the Court on how to proceed in both transferred cases. The government suggested that the two actions be consolidated. I did not respond, because Mr. Singh's time to respond to the Southern District's query about the treatment of his action (*see* Transfer Order, fn. 1) was still pending.

In a letter filed in this Court on February 27, 2015 (but not docketed by the Clerk until March 9, 2015), Mr. Singh states in substance that he wishes to keep both his *Bivens* and habeas actions separate. I think that is advisable. Civil rights and habeas actions are separate proceedings, subject to separate rules. I will not consolidate the two cases at this time. I will, however, grant the defendants an additional thirty days from the date of this Order to file an answer or other responsive pleading to the complaint in this action.[1]

Accordingly, IT IS this 12th day of March, 2015,

---

[1] In a separate Order filed in No. 15-0778, I have ordered that the defendant file a separate answer be to the § 2241 habeas petition.

3

ORDERED that the defendants shall file and serve an answer or other responsive pleading to the complaint within thirty (30) days after the date of this Order; and it is further

ORDERED that the Clerk shall serve this Order on plaintiff by regular U.S. mail.

                                                    KEVIN MCNULTY
                                                    United States District Judge